# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**BRANDON MIQUEL LEWIS,**

      **Petitioner,**

**v.**                                          **Case No. 1:15-cv-06245**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On May 15, 2015, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 188-month term of imprisonment, imposed on January 7, 2005 by the United States District Court for the Northern District of Georgia following his conviction by a jury on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of possession with intent to distribute less than two grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 851.

---

[1] The petitioner is now incarcerated at FCI Talladega with a projected release date of June 3, 2019.

(*United States v. Lewis*, Case No. 1:03-cr-00433 (N.D. Ga.), ECF No. 52, Judgment in a Criminal Case).  Petitioner has filed this petition for a writ of habeas corpus seeking prior custody credit for the time period between September 16, 2003 and May 18, 2005.  An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On April 12, 2003, Petitioner was arrested by state law enforcement officials in Atlanta, Georgia, for possessing cocaine and a firearm.  At the time of his arrest, Petitioner was on probation in Georgia.  (ECF No. 12, Ex. 1, Decl. of Ronald C. Williams, ¶ 5).

On April 28, 2003, Petitioner was sentenced by the Superior Court of Fulton County, Georgia, to a two-year term of imprisonment for violating his probation.  (*Id.*, ¶ 6).  On September 15, 2003, Petitioner was sentenced to a term of two and a half years in prison by the Fulton County Superior Court for additional state offenses for which he had been arrested on February 24, 2003.  The state court granted Petitioner credit for time served beginning on April 12, 2003.  (*Id.*, ¶ 7).

On November 6, 2003, Petitioner was borrowed by federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, to answer to his federal charges.  (*Id.*, ¶ 8).  On January 7, 2005, Petitioner was sentenced in the federal court to 188 months in prison.  (*Id.*, ¶ 9).  It appears that Petitioner remained in federal custody on the temporary writ until February 8, 2005, when he was returned to state custody to serve out the remainder of his state sentences.  (*Id.*, ¶ 10 and Attach. A, United States Marshals Service Prisoner Tracking System Individual Custody and Detention Report USM 129).

On May 18, 2005, Petitioner was paroled and was taken into federal custody to begin service of his federal sentence.  (*Id.*, ¶ 11).  The Federal Bureau of Prisons ("BOP") completed a sentence computation, which commenced Petitioner's federal sentence on May 18, 2005.  (*Id.*)  Petitioner did not receive custody credit to his federal sentence prior

to that date on the basis that all prior custody credit was applied to his state sentence. (*Id.*, ¶ 12).

Petitioner filed the instant section 2241 petition on May 15, 2015, raising the following grounds for relief:

> 1. Petitioner's federal sentence is being extended longer because jailor refuses to correctly calculate time spent in custody between September 16, 2003 [through] May 18, 2005.
>
> In April 2003, petitioner, Brandon Lewis was arrested on federal charges in the State of Georgia. See Appendix page 1 ["App. p.1"] Then on September 15, 2003, Lewis was condemned to a two year six month sentence to be served in the Georgia State Department of Corrections. App. p. 7. GDOC "loaned" Lewis to federal authorities on November 2003 and the federal court sentenced Lewis to 188 months and then returned him to the state in February 2005. App. p. at 2, 4, 5, and 7 . . . . GDOC released Lewis to federal authorities in May 2005 and on September 23, 2014, the state relinquished all but one day of Lewis' prison time spent in custody "nunc pro tunc." App. p. 2 and 9-12.

(ECF No. 1 at 6-8).

On March 29, 2017, the undersigned issued an Order to Show Cause (ECF No. 10) directing Respondent to file a response to Petitioner's section 2241 petition. On April 21, 2017, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 12).

On June 2, 2017, Petitioner filed a Reply disputing Respondent's calculation of his prior custody credit, asserting that, on September 23, 2014, the state court entered an amended sentencing order which reduced his state sentencing credit to just one day. Thus, Petitioner argued that the remainder of his time in state custody should be credited to his federal sentence. On August 21, 2017, Petitioner filed another document arguing that all of the time between April 12, 2003 and May 18, 2005 was not credited to his state

3

sentence. Without any supporting evidence thereof, he asserts that the State of Georgia only requires non-violent inmates to serve 65% of their sentences and that he was realeased by the Georgia Department of Corrections on November 1, 2004, while he was in temporary federal custody. (ECF No. 14). Thus, he further attempts to argue that the time he spent in the temporary custody of the United States Marshals Service should be credited to his federal sentence. (*Id.*)

On April 4, 2018, the undersigned entered an Order directing Respondent to file a sur-reply addressing Petitioner's argument concerning the amended sentencing order and a December 17, 2015 sentencing computation made by the Georgia Department of Corrections, which was attached to ECF No. 14. (ECF No. 15). On April 10, 2018, Respondent filed the ordered sur-reply (ECF No. 16), asserting that the Amended Sentencing Order relied upon by Petitioner did not reduce his state sentencing credit to one day; rather, it simply clarified that Count 5 was to run concurrent with Count 3. Respondent contends that Petitioner's overall state sentence remained 10 years, with 2 years and six months to be served in custody. (*Id.* at 1). Respondent further contends that Petitioner's Georgia DOC Report confirms that his state sentence ran from April 12, 2003 to October 9, 2005. (*Id.* at 2). However, he was released on parole on May 18, 2005, and his federal sentence commenced on that date.

## ANALYSIS

As noted by Respondent, following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). (ECF No. 14 at 3). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which

provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 12 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

Petitioner seeks credit for time periods that pre-date his receipt in federal custody and which have been credited to his state sentence, which is improper under 18 U.S.C. § 3585. In particular, Petitioner seeks credit for the period between September 16, 2003, when he was sentenced by the state court, until May 18, 2005, when he was taken into federal custody. However, all of the time for which Petitioner seeks credit was applied to his state sentence. Accordingly, there is no basis for any additional credit of that time to his federal sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016).

Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017). Thus, the State of Georgia had primary jurisdiction over Petitioner's custody and such custody was not relinquished during the time he was on loan to federal authorities, and that time period was credited against his

state sentence. Therefore, Petitioner is not entitled to credit of that time period to his federal sentence.

It is further evident from the sentence summary in the Amended Sentencing Order entered on September 23, 2014, *nunc pro tunc* to September 15, 2003, and the Georgia Department of Corrections Sentence Computation Report dated December 17, 2015, that the petitioner was sentenced to serve two years and six months in state custody, and that such sentence ran from April 12, 2003 to October 9, 2005. (ECF No. 13 at 7; ECF No. 14 at 2). However, the petitioner was paroled by the State of Georgia on May 18, 2015, and he was taken into federal custody at that time. Thus, it is apparent that the time period sought by the petitioner to be credited to his federal sentence, September 16, 2003 to May 18, 2005, was credited to his state sentence, and is not eligible for credit to his federal sentence. There is simply no merit to the petitioner's argument that he only received one day of custody credit on his state sentence, or that he did not receive all of the applicable state custody credit.

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at FCI Talladega and to transmit a copy to counsel of record.

June 18, 2018

Dwane L. Tinsley
United States Magistrate Judge